UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TABITHA LOREAN VALDEZ,<br><br>Defendant. | No. 2:15-CR-00058-MCE<br><br><br><br>**ORDER** |

Defendant Tabitha Lorean Valdez ("Defendant") pled guilty to Distribution of Methamphetamine in violation of 21 U.S.C. § 841(a)(1). She was sentenced on July 19, 2018, to a statutory minimum prison term of sixty (60) months. Presently before the Court is Defendant's Motion to Reduce Sentence. ECF No. 126. The Government opposes Defendant's request. ECF No. 133. For the reasons that follow, her Motion is DENIED.

Defendant asks that her sentence be reduced to time served under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling circumstances" in light of the COVID-19 pandemic and its effect on the caretaking ability of [her] aging mother, who is the sole caretaker for [her] five minor children." ECF No. 126 at 1. More specifically, according to Defendant, her mother, who is 73 years old, "suffers from anxiety and is clinically depressed." ECF No. 126 at 5. "She is struggling greatly to care for [Defendant's] . . .

1

children," as evidenced by the following:

> The situation has been aggravated by the COVID-19 pandemic. As of mid-March 2020, the children's schools were shut down. Some of the kids had distance learning projects that their teachers tried to engage them in, but in essence the children are home all the time and have been since March. They are now in another school year in distance learning. [Defendant's] mother does not have the physical energy necessary for caring for the welfare of five minor kids all day, every day.

Id. (internal citation omitted). According to Defendant, given the circumstances attendant to the COVID-19 pandemic, there is essentially no one else who has the means to care for Defendant's children. She thus seeks a reduction in her sentence so she may return home to fill that caretaking role.

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824 (2010) (alterations in original; quoting 18 U.S.C. § 3582(b)). Those circumstances are delineated in 18 U.S.C. § 3582(c). "Effective December 21, 2018, the First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to permit an inmate, who satisfies certain statutorily mandated administrative procedures, to file a motion with the district court for compassionate release." Riley v. United States, 2020 WL 1819838, at *5 (W.D. Wash. Apr. 10, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)). That statute now provides:

> **(c) Modification of an imposed term of imprisonment**.—
> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons [("BOP")], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they

>> are applicable, if it finds that—
>> 
>> (i) extraordinary and compelling reasons warrant such a reduction;
>> 
>> . . . .
>> 
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

"Thus, the First Step Act amended § 3852(c)(1)(A) to allow prisoners to directly petition a district court for compassionate release, removing the BOP's prior exclusive gatekeeper role for such motions." Riley, 2020 WL 1819838, at *5. "The statute now provides the court with authority to reduce a sentence upon the motion of a defendant if three conditions are met: (1) the inmate has either exhausted his or her administrative appeal rights of BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established 'extraordinary and compelling reasons' for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement." Id. (footnote omitted).

The starting point for the policy statement referenced in the third prong is United States Sentencing Guidelines ("USSG") § 1B1.13, which provides:

>> [T]the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
>> 
>> (1)(A) Extraordinary and compelling reasons warrant the reduction; or
>> 
>> . . . .
>> 
>> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>> 
>> (3) The reduction is consistent with this policy statement.

Accordingly, Defendant is only "entitled to relief if he demonstrates that (1) extraordinary

3

and compelling reasons warrant a sentence reduction, (2) he is not a danger to the safety of others or the community, and (3) any requested reduction is consistent with the policy statement." Riley, 2020 WL 1819838, at *6.

"The Sentencing Commission's application notes to this policy statement provide further guidance." Id. Indeed, the notes explain that the following "extraordinary and compelling reasons" exist under "Family Circumstances": "The death or incapacitation of the caregiver of the defendant's minor child or minor children." U.S.S.G. § 1B1.13 cmt. n.1. Here, Defendant contends that the COVID-19 pandemic has changed her family circumstances such that she qualifies for release. The burden is on Defendant. United States v. Holden, 2020 WL 1673440, at *3 (D. Or. Apr. 6, 2020). She has not met that burden here.

After considering all of the circumstances of this case, including the factors under 18 U.S.C. § 3553(a), the Court agrees with the Government that, even assuming Defendant's family circumstances qualify her for consideration for release, which this Court does not decide, such release would be inappropriate both under § 3553(a) and because Defendant remains a danger to the community.

As the Government has explained:

> [Defendant] has several convictions for similar conduct beginning when she was 18 years old. PSR ¶¶ 32-43. She is now 40 with five children, yet she continued to involve herself in drug-related activities. She not only caused herself harm, but she has also repeatedly put her children at risk. In the past, she has received the benefit of drug programs (Proposition 36 in 2011 and Drug Court in 2012) and had done well with assistance. And, the court granted a significant variance at her sentencing because she made laudable pretrial efforts to improve herself. As such, she benefited by receiving a sentence of a little under half of a guideline sentence. However, this does not negate her willful criminal conduct. The Valdez DTO was comprised of members and associates of the Norteño street gang, which included her own family members. In addition, according to past CDCR records, [Defendant] was alleged to have worked with a Nuestra Familia gang member to smuggle drugs to her brother in prison.

ECF No. 133 at 11. Given the foregoing, Defendant has not demonstrated she is no

longer a danger to the community.

     Nor do the § 3553(a) factors support release.  Defendant already received a significant reduction from the applicable guideline range to the statutory minimum.  Her sentence was sufficient but not greater than necessary at the time it was imposed, and it remains so now.  Having found that Defendant has not shown she will not be a danger to the community and having considered all of the factors set forth in § 3553(a), the Court thus concludes that release would be inappropriate.  Defendant's Motion for Compassionate Release (ECF No. 126) is DENIED.

     IT IS SO ORDERED.

Dated:  December 30, 2020

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE