UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

TABITHA LOREAN VALDEZ,

Defendant.

No. 2:15-cr-00058-MCE

**ORDER**

Defendant Tabitha Lorean Valdez ("Defendant") pled guilty to Distribution of Methamphetamine in violation of 21 U.S.C. § 841(a)(1). She was sentenced on July 19, 2018, to sixty (60) months of imprisonment. Presently before the Court is Defendant's Renewed Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 138. The Government opposes Defendant's request. ECF No. 141. For the reasons that follow, Defendant's Motion is DENIED.

Defendant contends that "extraordinary and compelling circumstances" exist such that she should be released prior to her current anticipated release date in December 2022. More specifically, according to Defendant, she is at a heightened risk of serious illness or death from COVID-19 due to her medical conditions: morbid obesity, type 2 diabetes, and hypertension. Deft. Mot. No. 138 at 6. Given these medical conditions, Defendant contends that she is "particularly vulnerable to a severe form of COVID-19."

Id. Defendant further contends that compassionate release is warranted for the "well-being of her five children" who are "left without a proper guardian." Id. at 6. Even having considered Defendant's medical issues, however, the Court concludes that Defendant's release would be inappropriate.

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824 (2010) (alterations in original; quoting 18 U.S.C. § 3582(b)). Those circumstances are delineated in 18 U.S.C. § 3582(c). "[A]s part of the First Step Act of 2018, Congress amended § 3582(c)(1)(A) to also allow a defendant to seek a reduction directly from the court, provided that the defendant first seeks a reduction from the [Bureau of Prisons ("BOP")] and that request has either been denied or 30 days have passed." United States v. Aruda, 993 F.3d 797, 799 (9th Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A)). That statute now provides:

> **(c) Modification of an imposed term of imprisonment**.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . . .
>
> and that such a reduction is ***consistent with applicable policy statements*** issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

///

"Thus, the First Step Act amended § 3852(c)(1)(A) to allow prisoners to directly petition a district court for compassionate release, removing the BOP's prior exclusive gatekeeper role for such motions." Riley v. United States, 2020 WL 1819838, at *5 (W.D. Wash. Apr.10 2020) (citing 18 U.S.C. § 3582(c)(1)(A)).

> The statute now provides the court with authority to reduce a sentence upon the motion of a defendant if three conditions are met: (1) the inmate has either exhausted his or her administrative appeal rights of BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established 'extraordinary and compelling reasons' for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement.

Id. (footnote omitted).

However, the current version of United States Sentencing Guidelines ("USSG") § 1B1.13 refers to only motions filed by the BOP and does not reference motions filed by the defendant as now allowed under § 3582(c)(1)(A). Aruda, 993 F.3d at 800. Therefore, "'[t]here is as of now no applicable policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are empowered…to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" Id. at 801 (quoting United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020) (internal quotations and citations omitted). In sum, "[t]he Sentencing Commission's statements in USSG § 1B1.13 [referenced in the third prong] may inform a district court's discretion for the § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." Id. (citation omitted).

Accordingly, not only does this Court choose to exercise its discretion in considering the USSG § 1B1.13 policy statement, but it utilizes that provision as the starting point for its § 3582(c)(1)(A) analysis. The USSG policy statement referenced in the third prong provides:

///

> [T]the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction; or
>
> (B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

Since Defendant is less than 70 years old and was not sentenced pursuant to 18 U.S.C. § 3559(c), she may be "entitled to relief if [s]he demonstrates that (1) extraordinary and compelling reasons warrant a sentence reduction, (2) [s]he is not a danger to the safety of others or the community, and (3) any requested reduction is consistent with the policy statement." Riley, 2020 WL 1819838, at *6.

"The Sentencing Commission's application notes to this policy statement provide further guidance." Id. Indeed, the notes explain that "extraordinary and compelling reasons" exist when:

> (A) Medical Condition of the Defendant.
>
> . . . .
>
> (ii) The defendant is—
>
> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

USSG § 1B1.13 cmt. n.1. Additionally, the notes explain that "extraordinary and compelling reasons" exist under: "Family Circumstances -- [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children." USSG § 1B1.13 Application Note 1(C)(i).

Here, Defendant contends she suffers from serious physical or medical conditions that make her particularly vulnerable to COVID-19 such that she qualifies for release. The burden is on Defendant. United States v. Holden, 2020 WL 1673440, at *3 (D. Or. Apr. 6, 2020). She has not met that burden here.

First, the Court absolutely agrees with the Government that "[Defendant] fails to carry her burden to establish her eligibility for compassionate release" that potentially satisfies USSG § 1B1.13. Gov. Oppo. at 5. Despite all her medical conditions, Defendant's medical records provide that Defendant has been fully vaccinated against COVID-19. Id. at 6. Defendant's medical records also do not indicate that she has been diagnosed and treated with hypertension. Id. In any event, Defendant's medical conditions are being monitored by BOP medical staff and they are treating her as needed. Id.

Second, Defendant has failed to demonstrate "family circumstances" that warrant compassionate release pursuant to Application Note 1(C). Defendant did not provide any documentation from her mother's medical providers stating that Defendant's mother is incapable of caring for her five minor children. Defendant also does not address whether the fathers of her minor children are able to care for them. Furthermore, Defendant has already been referred to home detention pursuant to the Second Chance Act. Id. at 8 and Gov. Oppo. Ex. 3.

Third, release would be inappropriate after consideration of the § 3553(a) factors and because Defendant is a danger to the community. Defendant has a criminal history of "repeatedly engag[ing] in drug trafficking activity." Id. at 9. The Court is not convinced Defendant will not pick up where she left off if released. Finally, requiring Defendant to serve her full sentence is necessary given the "nature and circumstances of the offense,"

"need for the sentence to reflect the seriousness of the offense," to "provide for just punishment," and to deter Defendant and others from engaging in the same illegal conduct. Id.

For the reasons set forth above, the Court thus concludes that release would be inappropriate. Defendant's Renewed Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 138) is DENIED.

IT IS SO ORDERED.

Dated: September 22, 2021

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE